PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2007 Chevrolet Cobalt struck a dead deer on US Route 119 in Logan County. US Route 119 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 6:30 a.m. on November 16, 2009. US Route 119 is a paved, four-lane road with a speed limit of sixty-five miles per hour. Claimant was traveling in the left lane at approximately sixty-five miles per hour when her vehicle struck a dead deer on the road. Claimant was unable to avoid the dead deer due to the fact that there was a cement wall adjacent to her lane of travel and a vehicle with its flashers lit was parked on the side of the road. Claimant could not establish that Respondent was alerted of the presence of the dead deer on the road prior to her incident. As a result of this incident, Claimant’s vehicle sustained damage in the amount of $4,139.27. Claimant’s *158 insurance deductible was $1,000.00.
The position of the Respondent is that it did not have actual or constructive notice of the dead deer on US Route 119. Michael Spry, Transportation Crew Supervisor for Respondent in Mingo County, testified that Respondent was not notified of the dead deer on the roadway prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapmanv. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent did not have notice of the dead deer which Claimant’s vehicle struck on US Route 119 prior to the Claimant’s incident. Therefore, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.